WILLIAM KRULL ET AL. V. STATE OF NEBRASKA, EX REL. ALLEN P. FURGASON.

FILED OCTOBER 5, 1899.   No. 10,942.

1. **Evidence**: WRITTEN INSTRUMENTS: OBJECTIONS TO ADMISSION.  An objection to the introduction in evidence of a written instrument, to which is appended the names of several persons, on the ground that it is "incompetent, immaterial and irrelevant," is too general to be considered, and such objection does not raise the question of the genuineness of the signatures to the instrument offered.

2. **Schools and School Districts**: SELECTION OF BUILDING: MANDAMUS. A school district which does not own a schoolhouse may, at a special meeting duly called, select a building in which to hold school, and direct its board to lease the building selected; and mandamus will lie to compel the board to execute its command.

3. ———: ———: NOTICE OF DISTRICT MEETING.  A notice calling a district meeting to fix the place where school shall be held is sufficiently comprehensive to justify the electors, assembled in pursuance of the call, in adopting a resolution directing the district board to rent a designated building to be used as a schoolhouse.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.   *Affirmed.*

The opinion contains a statement of the case.

*Wilson & Brown,* for plaintiffs in error:

A school site can only be changed at an annual meeting, and the action taken at the special meeting was ineffectual for such purpose.   A school site consists not so much in the mere land on which the schoolhouse may stand as in the real and substantial thing—the school. It would be to little purpose that the law guards against the changing of the school site, if the school itself may be taken from the proper place of holding it.   See *Wilber v. Woolley,* 44 Nebr., 739; *State v. Marshall,* 32 Pac. Rep. [Mont.], 648.

*Morning & Berge, contra:*

The special meeting had authority to do all things expressed in the notice, and such implied power as was necessary to enable it to do those things. See *Peters v. Township of Warren,* 56 N. W. Rep. [Mich.], 1051; *People v. Board of Education,* 1 N. Y. Supp., 593.

The fact that a secretary for the special meeting was chosen does not make his minutes the only evidence of what occurred, but oral testimony was admissible for that purpose. See *State v. Hutchins,* 33 Nebr., 335; *Ross v. City of Madison,* 1 Ind., 281; *Baker v. Inhabitants of Windham,* 13 Me., 74; *Chamberlain v. Dover,* 13 Me., 466; *School District v. Clark,* 51 N. W. Rep. [Mich.], 529.

SULLIVAN, J.

The parties to this litigation are the members of the school board of district No. 77 of Lancaster county. The object of the suit was to obtain a peremptory writ of mandamus against the moderator and director, the plaintiffs in error, commanding them to execute, on behalf of the district, a written lease for a building to be used for school purposes during the current school year. The defense to the action was that the execution of the lease was within neither the duty nor authority of the board. The trial court found the issues in favor of the relator, and awarded a peremptory writ. It appears that the district is not the owner of a schoolhouse, but is the owner of a plot of vacant ground upon which it intends at some time to erect a school building. It also appears, either directly or inferentially, that for several years last 'past the school has been taught in an old butcher-shop located near the geographical center of the district, but that the lease for such building did not extend beyond the school year of 1898-'99. At the annual meeting in June last it was decided to hold nine months school during the current year, but it was not determined where school should be held. Afterwards, at a special meeting which, accord-

ing to the notice, was called "for the purpose of determining where school shall be taught during the school year beginning July 10, 1899," the following motion was adopted by a unanimous vote: "Moved and carried that the board be instructed to rent the Parsons building, known as the Spellman store-room, for a term of nine months, not to exceed $8 per month." No other business was transacted. In pursuance of the authority conferred by the special meeting, the relator arranged to rent the Parsons building, and requested the respondents to join him in making the lease. They positively declined to co-operate with him, or to have anything to do with the matter, for the reason, it would seem, that they had already caused the butcher-shop to be removed to the school site, and had promised the owner to rent it for a schoolhouse if he would repair it to their satisfaction.

The first contention of respondents is that the special meeting was not lawfully convened. This claim is based on the fact that there was no distinct proof that the signatures to the special request for the meeting were genuine. The document was received in evidence, and the court was entitled to consider it. Counsel objected to its reception, it is true, on the ground that it was "incompetent, immaterial and irrelevant," but did not point out any special reason why it should not be received. The objection was too general to be effective. It did not inform the court of the precise point upon which its ruling was sought, so that it might act intelligently. The utter worthlessness of such an objection as a means of raising the question of the due execution of an instrument, or the genuineness of the signatures thereto, has been frequently declared by this court. See *Gregory v. Langdon*, 11 Nebr., 166; *Rupert v. Penner*, 35 Nebr., 587; *Maul v. Drexel*, 55 Nebr., 446.

Another point made by counsel for respondents is that the action taken by the special meeting was not within the terms of the call. Liberally and fairly construed we think it was. The purpose of the meeting was to fix a

place where school should be held, and it can not be doubted that the voters intended to effectuate that purpose by directing the district board to rent a particular building for the ensuing school year. The district being without a schoolhouse of its own, the power to determine where school should be held carried with it, of course, as a necessary incident, authority to do whatever might be necessary to secure the right to occupy the premises designated. We are of opinion, therefore, that the special meeting was within the limits of its jurisdiction in designating a building, and directing its board to rent the same for a period of nine months. But it is said that the effect of the action taken at the special meeting was to change the school site, which under the statute can not be lawfully done except at an annual meeting. The site owned by the district was not changed. That is clear. The building in which school was formerly held did not belong to the district; and the district had, at the time of the special meeting, no right, title, interest or claim in or to it. Consequently it can not be said to be, in any sense, a school site. Evidently the respondents did not themselves regard it as a school site within the meaning of section 8, subdivision 2, chapter 79, Compiled Statutes, 1899, for without authority from the district electors they have caused it to be removed from its original location. The judgment of the district court is right, and is

AFFIRMED.